JOSIAH J. WHITE, Appellant, *v.* GEORGE C. WOOD et al., Respondents.

(Argued April 16, 1894; decided May 1, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 12, 1892, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The following is the opinion in full:

"This case comes here for the second time on an appeal from a judgment of the General Term of the second department affirming a judgment dismissing the complaint. The first appeal was from a judgment affirming a judgment in favor of plaintiff after a trial. This court reversed the judgment and ordered a new trial. (*White* v. *Wood*, 129 N. Y. 527.) At the new trial the complaint was dismissed on the

ground that the questions sought to be litigated had been settled by this court in the decision above referred to. The plaintiff is a bondholder of the Chattaroi Railway Company, a Kentucky corporation, and the defendants are trustees for the bondholders under an agreement executed pending the foreclosure of a mortgage securing the bonds of the company, which gives them, among other things, the power to purchase the property for the benefit of the bondholders. These trustees were to sell the property at not less than a price indicated, and failing in that they were to form a new corporation and make a certain disposition of its stock. The plaintiff brings this action, alleging substantially that the defendants have violated the agreement creating them trustees and entered into a contract with a third party which is hostile to the said agreement and beneficial to themselves.

" On the first trial of this action both parties put in their proofs, and upon a full consideration of them this court reversed a judgment in favor of the plaintiff. The plaintiff's counsel now insists that the present record is entirely different from the former one, and presents a new question. This requires us to look into the history of this litigation as disclosed by the former appeal. The defendants, acting under the trust agreement, having purchased the property at the foreclosure sale, were unable to sell on the terms indicated by the trust agreement, and, therefore, they proceeded to organize a new company under the laws of Kentucky, as they were required to do. In July, 1889, they filed articles of incorporation of a new company, called the Ohio and Big Sandy Railroad Company, by which the capital was fixed at $2,000,000. The mortgage foreclosed secured the payment of two issues of bonds, aggregating $1,000,000, of which there were outstanding $994,000. The certificate of the new company provided that the $2,000,000 of stock should be issued *pro rata* as paid-up capital stock, in exchange for receipts issued on deposit of the sinking fund and gold bonds of the Chattaroi Railway Company, which aggregated $994,000.

" The statutes of Kentucky provide that the capital stock and bonds of a railroad company, organized by the purchasers of a railroad at judicial sale, shall not exceed in the aggregate

the original cost of the construction of the railroad and equipment purchased, and such sum as may be necessary to complete the same. In order to comply with these statutory provisions, which had been overlooked in filing the first certificate, a new certificate of incorporation was filed in August, 1889, fixing the nominal amount of the capital stock at $2,000,000, and providing that $994,000 should be issued to and divided among bondholders as against their property conveyed to the new company, and that the balance of said capital stock might be disposed of by the board of directors, to be paid in upon the calls of the board. The first certificate was abandoned. The obvious intention of the new certificate was not only to compensate the original bondholders for the property conveyed to the new company, but to raise the necessary money to carry out the scheme contemplated by the trust agreement. It was by reason of this effort of the trustees to dispose of a portion of the new stock for cash under the provisions of the second certificate that plaintiff was led to begin this action. The complaint sets up the facts, and prays judgment that the defendants be restrained from conveying the franchise or property of the said Chattaroi Railway Company over to the said Ohio & Big Sandy Railroad Company, or other persons or corporations, excepting to the said Ohio & Big Sandy Railroad Company, upon the issuing of its said $2,000,000 of stock and the distribution thereof *pro rata* among the said bondholders; that the defendants be restrained from disposing of said franchise and property under any other agreement or in any other way, or from receiving the sum of $56,000 or any other sum to their own use; also prayed for an accounting and further relief. A reference to the former opinion of this court (129 N. Y. 527) will show that these various questions were disposed of as presented by the prayer for relief. It was held that the complaint sought to restrain transfers which had been made before the commencement of this action, and the judgment in that respect was ineffectual for any purpose. The filing of the first and second certificates of incorporation of the Ohio & Big Sandy Railroad Company, and the disposition of stock under the latter, were fully considered, and the issue of stock as contemplated approved.

The transaction as to the $56,000 note was examined and also approved. The case was completely disposed of as then presented.

"We now come to the consideration of the second trial and the contention of plaintiff that the record is changed and a new question presented. The proceedings were very brief. The plaintiff put in evidence five receipts of the Union Trust Co. of New York for the twenty-seven bonds of the Chattaroi Railway Company deposited by him with the trust company, subject to the trust agreement. Also the first article of incorporation of the Ohio & Big Sandy Railroad Company, filed in July, 1889. Plaintiff then offered in evidence the construction and equipment account from the ledger of the Chattaroi Railway Company, which, on objection, was excluded. Plaintiff thereupon rested. Defendant also rested. On motion of defendant the complaint was dismissed. This disposition of the case was proper, as the former decision of this court disposed of all the questions presented by the present record. This court having held that the complaint sought to restrain transfers by the trustees under the trust agreement which had been made before the commencement of this action, and the judgment in that respect was ineffectual for any purpose, the offer in evidence of the construction and equipment account, as contained in the ledger of the Chattaroi Railway Company, as tending to show the cost of the road and the impropriety of these transfers, was properly denied. This evidence was immaterial in view of the former decision, without regard to its competency as against the defendants. It is unnecessary to pass on this latter question. We do not deem it important to consider the various points discussed on the argument and in the briefs, as the present record presents no new question and the judgment must be affirmed, with costs."

*Edward M. Grout* for appellant.

*Wheeler H. Peckham* for respondents.

BARTLETT, J., reads for affirmance.
All concur, except PECKHAM, J., taking no part.
Judgment affirmed.